IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-CV-103-RJC-DCK

| | |
|---|---|
| HUSQVARNA AB, | ) |
| Plaintiff, | ) |
| v. | ) ORDER AND MEMORANDUM |
| | ) AND RECOMMENDATION |
| THE TORO COMPANY, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "The Toro Company's Renewed Motion To Dismiss Plaintiff Husqvarna AB's Claims Of Willful Infringement And Indirect Infringement" (Document No. 19); "The Toro Company's Motion To Stay Pending Reexamination" (Document No. 23); and The Toro Company's "Motion To Transfer Venue To The District Of Minnesota" (Document No. 25). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are now ripe for disposition. Having carefully considered the motions, the record, and applicable authority, the undersigned will: order that the motion to transfer be <u>granted</u>; order that the motion to stay be <u>denied as moot</u>; and respectfully recommend that the motion to dismiss be <u>denied without prejudice</u>.

## BACKGROUND

Husqvarna AB ("Plaintiff" or "Husqvarna") initiated this action with the filing of its "Complaint" (Document No. 1) on March 10, 2014. The Complaint asserted two counts of patent infringement against Defendant The Toro Company ("Defendant" or "Toro"). (Document No. 1). Defendant's "Motion To Dismiss Plaintiff Husqvarna AB's Claims Of Willful Infringement And Indirect Infringement" (Document No. 13) was then filed on August 19, 2014.

On September 5, 2014, Plaintiff filed an "Amended Complaint" (Document No. 16) pursuant to Fed.R.Civ.P. 15(a), as well as "Plaintiff Husqvarna AB's Opposition To Toro's Motion To Dismiss" (Document No. 17). The "Amended Complaint" alleges that Defendant is infringing Plaintiff's patents "by making, using, offering to sell, selling, and/or importing in the United States products that practice one or more inventions claimed in the Husqvarna Patents." (Document No. 16, p.4). "Specifically, at least Toro's Recycler 22-inch Personal Pace Electric Start Mower (Toro Model No. 20334) and Toro's Recycler 22-inch Variable Speed High Wheel Mower (Toro Model No. 20371) infringe one or more claims of the Husqvarna Patents." Id.

Based on the "Amended Complaint," the undersigned issued a "Memorandum And Recommendation" ("M&R") (Document No. 18) on September 8, 2014, recommending that Defendant's "Motion To Dismiss Plaintiff Husqvarna AB's Claims Of Willful Infringement And Indirect Infringement" (Document No. 13) be denied as moot. The Honorable Robert J. Conrad, Jr. adopted the M&R on October 9, 2014. (Document No. 22).

Defendant filed its "… Renewed Motion To Dismiss Plaintiff Husqvarna AB's Claims Of Willful Infringement And Indirect Infringement" (Document No. 19) on September 22, 2014, and then filed its "… Motion To Stay Pending Reexamination" (Document No. 23) and its "Motion To Transfer Venue To The District Of Minnesota" (Document No. 25) on October 10, 2014. These pending motions have been fully briefed, and immediate review is appropriate.

**STANDARD OF REVIEW**

Regarding the pending motion to transfer, the applicable statute is 28 U.S.C. § 1404, which provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). In addition, previous decisions by this Court are instructive.

> Even if venue in a jurisdiction is proper, a court may "for the convenience of parties and witnesses, in the interest of justice," transfer the action to another district where venue is proper. 28 U.S.C. § 1404(a) (2006). This court has noted that § 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer on an "individualized, case-by-case basis" of convenience and fairness to the parties. AC Controls Co. v. Pomeroy Computer Res., Inc., 284 F.Supp.2d 357, 360 (W.D.N.C. 2003) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 2243 (1988)).

McLeod Addictive Disease Center, Inc. v. Wildata Systems Group, Inc., 3:08-CV-27-GCM 2008 WL 2397614, at *1 (W.D.N.C. June 10, 2008). "The Court emphasizes that the applicable law contemplates that a court's decision to transfer or not transfer venue under 28 U.S.C. § 1404(a) is largely discretionary." 3A Composites USA, Inc. v. United Industries, Inc., 5:13cv083-RLV, 2014 WL 1471075, at *1 (W.D.N.C. Apr. 15, 2014).

> When considering a motion to transfer, courts should consider, among other things, eleven factors: 1) the plaintiff's choice of forum, 2) the residence of the parties, 3) access to evidence, 4) the availability of compulsory process for witnesses and the costs of transporting and obtaining those witnesses, 5) the possibility of a view by the jury, 6) the enforceability of a judgment, 7) the relative advantages and obstacles to a fair trial, 8) practical issues affecting trial expediency and efficiency, 9) the relative court congestion between the districts, 10) the interest of resolving localized controversies at home and the appropriateness of having the trial of a diversity case in a forum that is at home with the state law that must govern the action, and 11) the avoidance of conflict of laws. Id. at 96. The factors are accorded different weights based on the court's discretion. Id.

Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 F.Supp.2d 357, 362 (W.D.N.C. 2003) (citing Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F.Supp. 93, 95 (W.D.N.C. 1990)); see also, Cohen v. ZL Technologies, Inc., 3:14cv377-FDW-DSC, 2015 WL 93732, at *1-2 (W.D.N.C. Jan. 7, 2015).

# DISCUSSION

**Motion To Transfer**

Under the circumstances, the undersigned finds it most efficient to first consider whether or not this matter should be transferred to the District Of Minnesota. The factors to be considered in such an analysis are well-established, as set forth above. Based on the Court's discretion, the undersigned weighs these factors as follows.

**1**. **Plaintiff's initial choice of forum**

Plaintiff chose the Western District of North Carolina to file the pending patent litigation. In support of venue here, the "Amended Complaint" alleges that:

> Toro, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be purchased and used by consumers in the Western District of North Carolina. These infringing products have been and continue to be purchased and used by consumers in the Western District of North Carolina. Toro has committed acts of patent infringement within the State of North Carolina and, more particularly, within the Western District of North Carolina.

(Document No. 16, p.2).

Defendant acknowledges that a plaintiff's choice of forum "carries considerable weight;" however, Defendant contends that choice is given far less weight if the forum is not the plaintiff's residence. (Document No. 26, p.6) (citing Crockett Promotions, 751 F.Supp. at 96 and Verosol B.V. v. Hunter Douglas, 806 F.Supp. 582, 592 (E.D.Va. 1992)). Defendant adds that if the chosen forum is neither the plaintiff's residence nor the place where the operative events occurred, the plaintiff's choice is of little moment and 'loses its [] status in the court's consideration.'" (Document No. 26, pp.6-7) (quoting Sandvik Intellectual Prop. AB v. Kennametal, Inc., 1:09-CV-

163-MR, 2010 WL 1924504, at *6 (W.D.N.C. 2010) (citing Ion Beam Applications S.A. v. Titan Corp., 156 F.Supp.2d 552, 563 (E.D.Va. 2000)).

Defendant notes that Plaintiff is a Swedish company with its principal place of business in Stockholm. (Document No. 26, p.7) (citing Document No. 16, p.1). Defendant also argues that the operative facts did not occur in this District. Id. Defendant asserts that the accused products were researched, designed, and developed in Minnesota, with no connection to this District, and were sold nationwide. (Document No. 26, p.8). Defendant contends that nationwide sales actually weigh against any deference to a plaintiff's choice of forum based on sales. Id. (citing Koh v. Microteck Int'l, Inc., 250 F.Supp.2d 627, 636 (E.D.Va. 2003) (holding that where the only connection to the chosen forum was sales activity, "plaintiff's chosen forum[ ]weighs in favor of transfer"); see generally Fairchild Semiconductor Corp. v. Nintendo Co., 810 F. Supp. 173, 175 (D.S.C. 1992) ("[S]ales alone are generally not enough to establish a material connection to the forum, especially if defendant's goods are sold in many states.")).

Plaintiff cites a different case than Defendant, which essentially has the same holding:

> "[T]he plaintiff's chosen forum is entitled to substantial weight unless (1) the plaintiff chooses a foreign forum, ***and*** (2) the chosen venue has little connection to the cause of action." *General Creation LLC v. Leapfrog Enters., Inc.*, 192 F. Supp. 2d 503, 505 (W.D. Va. 2002) (emphasis added) (citing *LG Elecs. Inc. v. Advance Creative Computer Corp.*, 131 F. Supp. 2d 804, 814 (E.D. Va. 2001)).

(Document No. 31, p.10). Plaintiff contends, however, that Defendant has inaccurately argued that it "has no connection to this District" and that it does not "have any employees in this District." Id. Plaintiff further contends that the Western District of North Carolina is its "home forum" because it is home to two (2) of its wholly owned subsidiaries: Husqvarna Professional Products,

5

Inc. ("HPP") and Husqvarna Consumer Outdoor Products N.A. ("HCOP"). Id. (citing Ion Beam Applications S.A. v. Titan Corp., 156 F.Supp.2d 552, 563 (E.D.Va. 2000)).

In reply, Defendant makes a compelling argument that Plaintiff's home forum is Sweden, not North Carolina. (Document No. 33, pp.3-4).

> The cases Plaintiff cites to support its position are easily distinguishable and actually support Toro's position. In *General Creation LLC v. Leapfrog Enterprises, Inc.*, the Court afforded deference to the plaintiffs' choice of forum because the jurisdiction was the *co-plaintiff* subsidiary's home forum. 192 F. Supp. 2d 503, 504-05 (W.D. Va. 2002). Additionally, that co-plaintiff subsidiary (1) was the exclusive licensee of the patent, (2) was the exclusive U.S. distributor of the product covered by the patent, and (3) had the exclusive right to enforce, defend, and prosecute the patent in the United States. *Id.* None of these facts are present in this case: Plaintiff's subsidiaries are not co-plaintiffs and they have no interest in the patents. (Doc. 1 at ¶¶7-8.) In *Ion Beam Applications et al. v. The Titan Corp.*, the Court, in dicta, noted that plaintiffs' home forum "*might*" be where each of its *co-plaintiff* subsidiaries are residents. 156 F. Supp. 2d 552, 563 (E.D. Va. 2000). However, the Court transferred the case to Defendants' home forum because, in part, that was where the center of the accused activity occurred. *Id.* at 561. Thus, the cases Plaintiff cites actually support Toro's position.

Id.

The undersigned agrees that the cases relied on by Plaintiff are distinguishable. The undersigned notes, for example, that Ion Beam and General Creation were found distinguishable under circumstances similar to this case in Finmeccanica S.p.A v. General Motors Corp., 2007 WL 4143074, at *4-5 (E.D.Va. Nov. 19, 2007). In Finmeccanica, the court held that even though the Italian plaintiff had two United States companies headquartered in the district, the plaintiff had chosen a foreign forum that had little or no relation to the underlying cause of action. Finmeccanica, 2007 WL 4143074, at *5 (citing Ion Beam, 156 F.Supp.2d 552, 563 (E.D.Va. 2000) and General Creation, 192 F.Supp.2d 503, 505-506 (W.D.Va. 2002)). The court noted that it had

6

not been claimed that Plaintiff Finmeccanica's local companies played any role in the events giving rise to the litigation. Id. In Finmeccancia, the court allowed the defendant's motion to transfer, and declined to reach the pending motion to dismiss. Finmeccanica, 2007 WL 4143074, at *9.

Although Plaintiff Husqvarna makes a showing that it has some connections via its subsidiaries with the Western District of North Carolina, Plaintiff fails to show that those subsidiaries played any role in events underlying Plaintiff's causes of action. See (Document No. 16); (Document No. 31, pp.10-12). Moreover, Plaintiff's assertion that the alleged patent infringement giving rise to this lawsuit occurred in this District appears to be vague and conclusory. (Document No. 16).

As noted above, although the choice of forum by the plaintiff is ordinarily given considerable weight, "that weight is diminished when the conduct giving rise to the complaint did not occur in the forum." Hames v. Morton Salt, Inc., 3:11cv570-MOC-DSC, 2012 WL 1247201, at *2 (W.D.N.C. Apr. 13, 2012) (citing Parham v. Weave Corp., 323 F.Supp.2d 670, 674 (M.D.N.C. 2004); Telepharmacy Solutions, Inc. v. Pickpoint Corp., 238 F.Supp.2d 741, 743 (E.D.Va. 2003); and Lynch v. Vanderhoef Builders, 237 F.Supp2d 615, 617 (D.Md. 2002)).

> "[T]he weight given to plaintiff's choice of venue varies with the significance of the contacts between the venue chosen by plaintiff and the underlying cause of action." Koh, 250 F.Supp.2d at 635 (internal quotation marks and citation omitted). "[I]f none of the operative events in the lawsuit took place in the district in which the action was originally filed, a motion to transfer to the district in which the events occurred is likely to succeed." Finmeccanica S.p.A. v. General Motors Corp., No. 1:07cv794, 2007 U.S. Dist. LEXIS 85268, at *12, 2007 WL 4143074 (E.D.Va. Nov. 19, 2007) (quoting 17–111 James Wm. Moore, et al., Moore's Federal Practice–Civil § 111.13(1)(d)(I) n. 23 (3d ed.2005)).

Global Tel Link Corp. v. Securus Technologies Inc., 2014 WL 860609, at *4 (E.D.Va. March 5, 2014). The alleged conduct that is the crux of Plaintiff's "Amended Complaint" is patent infringement, which is alleged to have occurred throughout the United States (including in the Western District of North Carolina). (Document No. 16, pp.2, 4-5, 7-8).

Defendant argues that the operative events did not occur here. (Document No. 26, pp.7-8). First, Defendant asserts that the alleged inventions were made in the United Kingdom and South Carolina, by employees of entities other than Plaintiff, and that the inventors do not reside in this District. (Document No. 26, p.7). Next, Defendant notes that the "mowers that are allegedly commercial embodiments of the patents-in-suit are made in McRae, Georgia – by an entity other than Plaintiff." Id. Finally, Defendant asserts that the "accused products were researched, designed and developed in Minnesota, with no connection to this district." (Document No. 26, p.8). Defendant contends that nationwide sales, that include this District, are insufficient to keep the case here. Id. (citing Koh v. Microteck Int'l, Inc., 250 F.Supp. 2d 627, 636 (E.D.Va. 2003)).

Based on the foregoing authority and arguments, the undersigned agrees with Defendant that Plaintiff's choice of forum in this case should receive no deference.

**2. Residence of the parties**

There are only two (2) named parties in this action. (Document No. 16). Plaintiff Husqvarna is organized under the laws of Sweden, with a principal place of business in Stockholm, Sweden. (Document No. 16, p.1). Defendant Toro is organized under Delaware law, with its principal place of business in Bloomington, Minnesota. Id.

Plaintiff concludes "that the 'residence of the parties' factor weighs against transfer," but provides minimal support for that argument. (Document No. 31, p.11). Plaintiff seems to rely on the fact that it has subsidiaries in this District. (Document No. 31, p.10) (citing Ion Beam, 156

F.Supp.2d at 563 and General Creation, 192 F.Supp. at 505). Unlike Ion Beam and General Creation, however, Plaintiff's subsidiaries are not named parties in this action, nor is it alleged that any of the inventors of the patents in dispute are in this District. See Finmeccanica, 2007 WL 4143074, at *5, n.5. Even if the Court accepts that Plaintiff is effectively "at home" in this District, undersigned is not convinced by Plaintiff's argument that "the majority of the witnesses and evidence resides here." (Document No. 31, p.12).

It is undisputed that Defendant is a resident of Minnesota. Defendant further argues that the center of the allegedly infringing activity was in Minnesota, and the bulk of the evidence, including witnesses, is in Minnesota. (Document No. 26, pp.8-9).

The undersigned weighs this factor slightly in favor of transfer.

### 3. Access to evidence

Defendant notes that courts have recognized that:

> "[t]he convenience of the witnesses is 'perhaps the most important factor' in determining whether a transfer of venue should be granted." *Mamani v. Bustamante*, 547 F. Supp. 2d 465, 473 (D. Md. 2008) (citation omitted). The convenience of non-party witnesses is particularly important. *Volvo Road Mach., Inc. v. J.D. Evans, Inc.*, No. 1:08-cv-156, 2008 U.S. Dist. LEXIS 103460, at *12 (W.D.N.C. Oct. 16, 2008); *Union First Mkt. Bank v. Bly*, 3:13-CV-316-GCM, 2013 U.S. Dist. LEXIS 116294, at *8 (W.D.N.C. Aug. 16, 2013) ("[O]ften cited as the most important factor . . . is the convenience of witnesses") (citation omitted).

(Document No. 26, p.9)

Defendant argues that nearly all its witnesses, including current and former employees, reside in the District of Minnesota. (Document No. 26, pp.9-10). Defendant identifies twelve (12) individuals who currently work at Toro's headquarters who may be called to testify in this matter, as well as three (3) former employees who have relevant knowledge, all of whom reside in the

9

District of Minnesota. Id. Defendant notes that the non-party witnesses would be subject to the subpoena power of the Minnesota court, but not this Court. (Document No. 26, p.10).

In addition, Defendant asserts that Plaintiff's witnesses are not located in this District. Id. For example, Defendant states that the inventor of the '436 patent resides in Darlington, United Kingdom. Id. According to Defendant, travel to Minnesota from the United Kingdom or Sweden is more convenient and less expensive than travel to this District. (Document No. 26, pp.10-11). Defendant further asserts that the other patent-in-suit, the '134 patent, was invented in Augusta, Georgia, and that one of the inventors lives in Fayetteville, Georgia. (Document No. 26, pp.11-12).

Finally, Defendant argues that no relevant documents or physical evidence is in this District. (Document No. 26, p.12). Defendant notes that

> "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Genentech*, 566 F.3d at 1345 (internal quotations and citation omitted). Where the chosen venue would require both parties to transport documents significant distances from outside the venue, and particularly where Plaintiff's documents will have to be transported overseas regardless of the venue, the fact that the transferee venue eliminates this inconvenience for the Defendant favors transfer. *Id.* at 1346. This principle remains applicable today despite the prevalence of more easily transportable electronic documents, and favors transfer to the location where the physical and documentary evidence is located. *TS Tech*, 551 F.3d at 1321; *Genentech*, 566 F.3d at 1345-46.

(Document No. 26, pp.12-13). Defendant Toro contends that Minnesota is home to its "research, design, development, testing and manufacturing, and the vast majority of its potentially relevant documents are located there." (Document No. 26, p.13). Defendant also notes that "[e]ven components of the accused products manufactured by others, such as the wire harness for the electric starter, are manufactured in [the District of Minnesota]." (Document No. 26, p.9).

In opposition, Plaintiff argues that its relevant witnesses are in this District, and it identifies eight (8) specific individuals. (Document No. 31, pp.12-13). These individuals "have knowledge regarding the design, development, sales and marketing of Husqvarna's walk behind mowers implementing the patented features, the inventions and details regarding conceptions, and damages caused by Toro's infringement." Id. Plaintiff acknowledges that its former counsel resides in Cleveland, Ohio, and that one of the named inventors is in Fayetteville, Georgia. Interestingly, Plaintiff does not identify the residence of any other inventor, nor does Plaintiff agree that any of its representatives or witnesses will be required to travel from Europe, even though Plaintiff is headquartered, and has its principal place of business, in Sweden. Id.

In addition, Plaintiff accepts that Toro has relevant witnesses in Minnesota, but disputes that it is necessary for fifteen (15) of their witnesses to testify at trial. (Document No. 31, p.13). Plaintiff also rejects the contention that no relevant documents or physical evidence are located in this District. (Document No. 31, p.14). Plaintiff contends most of its documents are here. Id. In conclusion, Plaintiff asserts that its "witnesses and documents reside in or around this District and the Court should reject Toro's attempts to disturb Husqvarna's choice of forum, and improperly shift the inconvenience from Toro to Husqvarna." Id.

The undersigned finds this factor to be a close call, but is persuaded that the bulk of relevant evidence is more likely to be in Minnesota than in this District. See In re Genentech, Inc., 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer."); In re Nintendo, 589 F.3d 1194, 1198 (Fed. Cir. 2009); and In re Google, Inc., 588 Fed.Appx. 988, 991 (Fed.Cir. Oct. 9, 2014).

The undersigned finds that this factor favors transfer.

**4. Availability of compulsory process for witnesses and the costs of transporting and obtaining those witnesses**

Toro contends that the "vast majority of the witnesses in this matter – including Toro's non-party witnesses – reside in Minnesota and are not subject to this Court's subpoena power." (Document No. 26, p.13). Defendant further argues that the expense of obtaining the attendance of willing witnesses also favors transfer. Id. Husqvarna makes essentially the same argument, against transfer. Both parties cite Jim Crockett Promotions, 751 F.Supp. at 97.

It appears likely that there are more witnesses in Minnesota; there are more non-party witnesses that can be compelled to appear in Minnesota, but not North Carolina; and that Plaintiff will have less difficulty and expense having its witnesses appear in Minnesota than Defendant will have having its witnesses appear in North Carolina. Zurich Am. Ins. Co. v. ACE Am. Ins. Co., 3:10-CV-101-RJC-DCK, 2010 WL 5014512 (W.D.N.C. Dec. 3, 2010) (convenience of non-party witnesses is the "more important factor" and accordingly is afforded "greater weight"); see also, Union First Market Bank v. Bly, 3:13cv316-GCM, 2013 WL 4455619, at *3 (W.D.N.C. Aug. 16, 2013) (quoting Hames, 2012 WL 1247201, at *3 ("[o]ften cited as the most important factor ... is the convenience of witnesses, most particularly, non-party witnesses, who are important to the resolution of the case").

Consistent with Jim Crockett Promotions, the undersigned is persuaded that this key factor slightly favors transfer.

### 5. **Possibility of a view by the jury**

As to this factor, both parties focus on the possibility of viewing allegedly infringing Toro mowers. (Document No. 26, p.13; Document No.31, p.15, and Document No. 33, p.8). Plaintiff makes a valid point that the Toro mowers at issue are apparently available in this District through Toro dealers or retailers; however, Defendant persuasively argues that the critical point is the cost of obtaining, transporting, and storing the accused mowers for hearings and trial. Id.

The undersigned finds that this factor favors transfer.

6. **Enforceability of a judgment**

The undersigned cannot foresee, and the parties have not identified, any concerns about the enforcement of a judgment by a U.S. District Court in North Carolina or Minnesota. This factor is viewed as neutral.

7. **Relative advantages and obstacles to a fair trial**

Other than the issue regarding attendance of witnesses who are in Minnesota, the undersigned does not foresee any clear advantages or obstacles to a fair trial. It appears reasonably likely that there will be witnesses in Minnesota who cannot be compelled to appear in North Carolina, but few, if any, witnesses who will not appear, in Minnesota. The undersigned is not persuaded that deposition testimony is an adequate substitute for a live witness, particularly when weighing relative advantages and obstacles to a fair trial.

As such, the undersigned finds this factor slightly favors transfer.

8. **Practical issues affecting trial expediency and efficiency**

"Trials are never easy, expeditious, or inexpensive." Century Furniture, LLC v. C & C Imports, Inc., 1:07cv179-DLH, 2007 WL 2712955, at * 5 (W.D.N.C. Sept. 14, 2007). Whatever this Court decides, there will be some air travel and inconvenience. Balancing all the evidence to date, the undersigned is persuaded this factor slightly favors transfer.

9. **Relative court congestion between the districts**

The parties agree that this factor is neutral. (Document No. 26, p.15; Document No. 31, p.17; and Document No. 33, p.10).

10. **The interest of resolving localized controversies at home and the appropriateness of having the trial of a diversity case in a forum that is at home with the state law that must govern the action**

This case involves allegations that implicate nationwide patent infringement. Both sides consist of sophisticated parties. Plaintiff contends it is "at home" in North Carolina based on the presence of its subsidiaries here, and Defendant is undisputedly "at home" in Minnesota. Neither side seems to assert that any state law is implicated or that there is a "localized controversy."

On balance, the undersigned finds this factor is neutral.

**11**. **Avoidance of conflict of laws**

The parties agree that this factor is neutral. (Document No. 26, p.16; Document No. 31, p.18; and Document No. 33, p.10).

Based on the foregoing, and in accordance with the teachings of <u>Jim Crockett Promotions, Inc. v. Action Media Group, Inc.</u>, the undersigned has conducted a quantitative and qualitative analysis of the foregoing factors, and finds that transfer is appropriate. <u>See</u> <u>Century Furniture, LLC</u>, 1:07cv179-DLH, 2007 WL 2712955, at *6 (W.D.N.C. Sept. 14, 2007). Moreover, the undersigned will decline to deny the pending motion based on Plaintiff's allegation that Defendant did not satisfy Local Rule 7.1 (B). <u>See</u> (Document No. 31, pp.18-20; Document No. 33, pp.10-11).

Because the Court finds in its discretion that this matter should be transferred, the undersigned will deny the motion to stay as moot, and respectfully recommend that the pending motion to dismiss be denied, without prejudice to being re-filed in the District of Minnesota, if appropriate.

**ORDER AND RECOMMENDATION**

**IT IS, THEREFORE, ORDERED** that The Toro Company's "Motion To Transfer Venue To The District Of Minnesota" (Document No. 25) is **GRANTED**.

14

**IT IS FURTHER ORDERED** that "The Toro Company's Motion To Stay Pending Reexamination" (Document No. 23) is **DENIED AS MOOT**.

**IT IS RECOMMENDED** that "The Toro Company's Renewed Motion To Dismiss Plaintiff Husqvarna AB's Claims Of Willful Infringement And Indirect Infringement" (Document No. 19) be **DENIED WITHOUT PREJUDICE**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO ORDERED AND RECOMMENDED**.

Signed: April 1, 2015

David C. Keesler
United States Magistrate Judge